**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| JESUS VERDE HERNANDEZ individually and on behalf of others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>JESSE SLAUGHTER, Sheriff, Cascade County, et al.,<br><br>Respondents. | **CV-26-280-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Jesus Verde Hernandez ("Hernandez") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on behalf of himself, and others similarly situated, alleging that Petitioners remain in custody in the District of Montana in violation of the Constitution or laws of the United States. (Doc. 10.) Hernandez obtained habeas relief and no longer serves as the Class representative. (*Id.*) Jose Alfredo Martinez Alaniz ("Martinez") requested to be added as named petitioner and the Court granted this request. (Doc. 41.) The Court granted Petitioners' motion to certify the requested putative class. (*Id.*) The Court also certified two subclasses for Petitioners. (*Id.*) Each

of the subclasses represents persons who were wrongfully arrested under § 1226(a). (*Id.*)

The Court granted Petitioners' request for class-wide declaratory relief. (*Id.*) The Court declined at that time to grant Petitioners' request for class-wide habeas release and class-wide injunctive relief. (*Id.*) The Court instead ordered the Parties file briefs on the issue of whether 8 U.S.C. § 1252(f)(1) bars the Court from granting class-wide habeas relief. (*Id.*) The Court has considered each of the Parties' briefing and will now address the issue.

**LEGAL STANDARD**

U.S. Supreme Court precedent establishes that federal courts are prohibited from "entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Garland v. Gonzalez*, 596 U.S. 543, 550 (2022). *Garland* concluded that § 1252(f)(1) "prohibits federal courts from granting classwide injunctive relief." *Id*. (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481–82 (1999)). Applying this statute, *Garland* held that the district court lacked authority to order bond hearings for a class of individuals detained under 8 U.S.C. § 1231(a)(6). *Garland*, 596 U.S. at 551. This U.S. Supreme Court precedent imposes a significant hurdle for Petitioner's requests for classwide injunctive relief under § 1252(f)(1).

This Court, along with the U.S. Supreme Court, has held that § 1252(f)(1) does not bar federal district courts from granting class-wide declaratory relief. (Doc. 41.); s*ee also Biden v. Texas*, 597 U.S. 785, 798-99 (2022) (Section 1252(f)'s "title . . . makes clear the narrowness of its scope"); *A.A.D.C.*, 525 U.S. at 481 (By its plain terms, § 1252(f)(1) "is nothing more or less than a limit on injunctive relief."). The Court must address the remaining issue of whether § 1252(f)(1) bars class-wide habeas release.

## DISCUSSION

### I. Section 1252(f)(1)

The Court notes that habeas relief and injunctive relief provide distinct remedies. The question faced by this Court remains whether habeas relief "enjoins or restrains the operations" of § 1226. The statute reads as follows:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1).

The U.S. Supreme Court in *Garland* reversed a district court's order that had granted class-wide injunctive relief requiring the class members to be given a bond hearing after a certain period of detention under § 1231(a)(6). *Garland*, 596 U.S. at

547. The U.S. Supreme Court determined that the injunction violated § 1252(f)(1)'s prohibition on "lower courts . . . entering injunctions that order federal officials to take or refrain from taking actions to enforce, implement, or otherwise carryout the specified statutory provisions. *Id*. at 550. *Garland* contains no discussion of whether class-wide habeas release would run afoul of § 1252(f)(1).

The Court understands that class-wide habeas release could be construed to enjoin or restrain the government's course of operations under § 1226. *Garland* poses a significant hurdle to the granting of injunctive relief based on § 1252(f)(1). *Garland*, 596 U.S. at 550. The U.S. Supreme Court has not addressed whether class-wide habeas relief runs afoul of § 1252(f)(1). The Ninth Circuit reasoned that §1252(f)(1) "does not bar habeas class action because it lacks a clear statement repealing the court's habeas jurisdiction." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). The U.S. Supreme Court issued its broad interpretation of § 1252(f)(1) in *Garland* after *Rodriguez*.

The Court recognizes that class-wide habeas release does not equate to class-wide injunctive relief. The Court understands, however, that class-wide habeas release may "enjoin or restrain" the operation of § 1226. For these reasons, the Court declines to resolve any tension between the U.S. Supreme Court's reasoning in *Garland* and the Ninth Circuit's earlier decision in *Rodriguez* on the availability

of class-wide habeas relief. The Court sees no need to determine whether class-wide habeas release would run afoul of § 1252(f)(1).

The Court instead directs Petitioners to file individual habeas petitions for each class member. The class size at the time of the Court's order certifying the Class stood at 38 people. (Doc. 27-4 at 2.) The number of persons arrested without a warrant who have not been released has grown to 49 members since the Court certified the Class. (Doc. 48-1 at 2, 3.) The Court does not believe that resolution of 49 individual petitions seeking habeas release would overburden the Court or the Parties.

## II. Declaratory Relief

This Court previously declared the following: (1) the Government cannot detain putative class members if the detaining officer failed to obtain a warrant and did not conduct a pre-arrest, individualized assessment of probable cause that the person poses a flight risk; (2) the class members are not subject to mandatory detention unless the Department of Homeland Security makes an initial custody determination under U.S.C. §§ 1226(c), 1225(b)(1), or 1231 subjecting an individual to mandatory detention; and (3) if the Government failed to abide by § 1226 when making the initial arrest of any class members, it is a violation of the class member's constitutional rights. (Doc. 41.)

Declaratory judgments have "the same force and effect of a final judgment or decree." 28 U.S.C. § 2201(a). The Court granted the above declaratory relief to the claim on August 31, 2026. (Doc. 41.) The Court previously reached the same conclusion regarding the invalidity of the warrantless arrests of several petitioners. (*See* Doc. 16; *see De La Cruz v. Crosson*, 4:26-cv-00-289-BMM (D. Mont. August 19, 2026), Doc. 13.) The Government continues to detain class members arrested without a warrant and without a pre-arrest, individualized assessment of probable cause of flight risk and danger to the community. The Government also continues to detain individuals who are not subject to mandatory detention under § 1226(c). Petitioners argue they are due additional relief. The Court will address this argument.

The Court agrees with Petitioners that some form of further relief proves warranted due to the Government's continued noncompliance with the Court's declaratory judgment regarding the detention of Petitioners who were arrested pursuant to § 1226 without a warrant or who are still being wrongfully detained pursuant to § 1226(c). The Declaratory Judgment Act states "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing." *See* 28 U.S.C. § 2202. A request for additional relief under § 2202 is "not the functional equivalent of a motion to alter or to amend the judgment." *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 621

(7th Cir. 1995). The fact that the additional relief requested may be coercive or injunctive does not divest a court of jurisdiction to consider it. *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988). Additional relief "under this section is not to change the declaratory judgment but enforce it." *GNB Battery*, 65 F.3d at 621.

A declaratory judgment "is not backed by the power of contempt." *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1031 (9th Cir. 2023). Courts "generally assume," however, that government officials will comply with a declaratory judgment. *Id.* A court may issue further relief if a party fails to comply with a declaratory judgment. *Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir. 1980).

The Court determines that the Government's non-compliance of its declaratory judgment order warrants the filing of (1) individual petitions by class members to address whether the individual petitioner poses a flight risk or danger to the community that would support continued detention under § 1226(c); and (2) individual petitioners by class members to address whether the individual petitioner was lawfully arrested under § 1226. *Rincon Band,* 618 F.2d at 575; *Doe v. Gallinot*, 657 F.2d 1017, 1025 (9th Cir. 1981). Individual petitions for habeas corpus represent the most efficient method for the class members to obtain

potential relief and avoid protracted litigation that could result from efforts to resolve the remaining tension between *Garland* and *Rodriguez*.

The Court concludes that potential habeas relief proves necessary and proper to address the Government's potential continued wrongful detention of class members who have been arrested without a warrant in violation of the Court's August 31, 2026 Order. (Doc. 41.) The Court will set an expedited briefing schedule for these individual petitions and hold a hearing on the petition only if the Government raises colorable concerns regarding the flight risk or potential danger to the community posed by the individual petitioner as set out in § 1226(c).

**CONCLUSION**

Accordingly, **IT IS ORDERED**:

- **IT IS DECLARED**, the Government violates the Court's August 31, 2026 Order by continuing to detain class members who were arrested without a warrant or a pre-arrest individualized assessment for detention.
- Petitioners shall file individual petitions for habeas relief, and the Court will set hearings, if necessary, to determine the lawfulness of the detention of the individual class members.
- The Government shall file any response to the individual petitions within 5 business days.

- The Court will accept reply briefs from Petitioners only if requested by the Court. Any reply brief must be filed within 2 business days.

**DATED** this 15th day of September, 2026.

Brian Morris, Chief District Judge
United States District Court