**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| JESUS VERDE HERNANDEZ, individually and on behalf of others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>JESSE SLAUGHTER, Sheriff, Cascade County, et al.,<br><br>Respondents. | **CV-26-280-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Juan Alexi Hernandez Ramirez ("Petitioner") files an independent petition for habeas release. (Doc. 163.) Respondents oppose the petition. (Doc. 230.) The Court grants habeas release.

## LEGAL STANDARD

“Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions.” 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is “in custody in violation of the Constitution or laws or treaties of the United States.” *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## DISCUSSION

The Court previously held that a noncitizen arrested without a warrant or a pre-arrest individualized determination that the noncitizen is likely to escape violates their constitutional rights. (Doc. 16.) The Court further reiterates that the INA requires people like Hernandez and other class members who are unadmitted noncitizens detained in the interior of the country to be subject to § 1226 and granted a bond hearing. *See Rodriguez Vazquez*, 2026 WL 2196424.

A noncitizen may be arrested and detained under § 1226 only "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Brice v. Gantt, et al.,* No. CIV-26-1421-D, 2026 WL 2243982, at *3 (W.D. Okla. Aug. 4, 2026) (quoting *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified)).

An officer may only issue a warrant upon proper procedure. "*At the time of issuance* of the notice to appear, or at *any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). "[T]he regulations require that removal proceedings are pending or at

least that a Notice to Appear ["NTA] was served at the time of arrest." *Ramirez v. Genalo*, 2026 WL 1815771, at *3–*4 (E.D.N.Y. June 24, 2026). NTAs are "akin to a summons" and distinct from warrants of arrest. *Yith v. Nielsen*, 881 F.3d 1155, 1167 (9th Cir. 2018). The NTA, "in simple terms," represents a precondition to an otherwise substantively valid arrest warrant. *M-J-M-A v. Hernandez*, Case No. 6:25-cv-02011-MTK, 2026 U.S. Dist. LEXIS 2500558, *13 (D. Or. Nov. 2, 2026).

One exception exists to the warrant requirement under § 1226. Authorized officers may "interrogate any alien or person believed to be an alien" concerning that person's "right to be or to remain in the United States," and can arrest that person "if [the officer] has reason to believe that the [person] . . . is in the United States in violation of any . . . law or regulation [regulating the admission, exclusion, expulsion, or removal of aliens] and *is likely to escape* before a warrant can be obtained for his arrest." 8 U.S.C.A. § 1357(a)(1), (2) (emphasis added). An authorized officer's determination that an arrested person "is likely to escape" requires that the arrested person must "be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States." *Id.*; *see Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026).

"[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant

will be issued *post hoc*," when arrests properly are made without a warrant based on an authorized officers' perception of likely escape. *Makuiza*, 826 F. Supp. 3d at 180 (citing 8 C.F.R. § 287.3(d)). In other words, a proper arrest pursuant to §1226 requires either an arrest warrant that is issued before arrest, or a reasonable belief by an authorized officer upon initial investigation that a noncitizen is in the United States in violation of the law and presents a risk of escape if not arrested before a warrant can be obtained.

Petitioner resides in Kalispell, Montana. (Doc. 161 at 23.) Montana Highway Patrol arrested Petitioner on September 6, 2026, for misdemeanor driving under the influence and six other vehicle related misdemeanors. (Doc. 161 at 25.) Petitioner was detained at Flathead County Jail. (Doc. 161 at 25.) ICE Helena received notice. (Doc. 161 at 25.) United States Border Patrol placed an I-247 detainer on Petitioner and issued an I-200 administrative warrant for Petitioner. (Doc. 161 at 24.) Parties agree Respondents did not issue a notice to appear ("NTA") at the time Respondents issued the I-200 warrant. (Doc. 163 ¶ 28; Doc. 230 at 10.)

Petitioner alleges that he appeared before the Flathead County Justice Court, pled not guilty, and received conditions of release on September 8, 2026. (Doc. 163 ¶ 30.) Petitioner remained in custody pursuant to the I-247 detainer. (Doc. 161 at 24.) Petitioner signed a notice of his voluntary departure on September 9, 2026.

(Doc. 161 at 27.) Respondents did not serve Petitioner with the I-200 warrant until September 10, 2026. (Doc. 161 at 26.) Respondents detained Petitioner pursuant to 8 U.S.C. § 1226(a). (*See* Ex. 1, Hernandez Class Tracker, Doc. 294-1 at 1.)

Petitioner contends that Respondents detained Petitioner without a lawful warrant, because Respondents never issued an NTA. (Doc. 163 ¶ 61.) The Court agrees. Respondents issued a Form I-200 warrant. (*See* Doc. 161 at 26.) The I-200 warrant is governed by § 236.1(b)(1), and remains subject to the NTA requirement. *Kurt D. v. Blanche*, Case No. 26-cv-3320-JWB-DJF, 2026 U.S. Dist. LEXIS 190491, at *5-6 (D. Minn. Aug. 7, 2026); *Okeke v. Maldonado*, No. 26-cv-2714, 2026 WL 2056904, at *10 (E.D.N.Y. July 16, 2026). Respondents did not issue an NTA. (Doc. 163 ¶ 28; Doc. 230 at 10.)

Respondents note that Petitioner elected voluntary departure and an NTA would serve no practical purpose. (Doc. 230 at 10; Doc. 161 at 27.) Respondents cite no authority in making this point. The Court relies instead on the requirements as laid out in § 236.1(b). An NTA functions as a charging document. *Vasquez Perez v. Decker*, No. 18-cv-10683-AJN, 2019 WL 4784950, at *4 (S.D.N.Y. Sept. 30, 2019). An officer may issue the arrest warrant only *at the time* of the issuance of an NTA, or any time *thereafter* until removal. 8 C.F.R. § 236.1(b). Respondents violated § 236.1(b).

Respondents attempt to argue that, even despite their failure to properly issue an NTA, habeas does not prove the proper relief. (Doc. 230 at 10-11.) An "administrative agency is not a slave to its rules." *Econ. Opportunity Comm'n v. Weinberger*, 524 F.2d 393, 400 (2nd Cir. 1975). A court typically must find a petitioner experienced prejudice if an agency violates a regulation that relates to less fundamental, agency-created rights and privileges. *Waldron v. INS*, 17 F.3d 511, 518 (2nd Cir. 1994).

Respondents' argument ignores that their failure does not present a simple procedural failure. A court need not find any prejudice where a procedural failure implicates fundamental rights derived from the Constitution or federal statutes. *Id.* A valid warrant requires simultaneous or prior issuance of an NTA. *M-J-M-A*, 2026 U.S. Dist. LEXIS 2500558, at *16; *Yeleshev v. Larocco*, No. 26-CV-2294 (SJB), 2026 U.S. Dist. LEXIS 107325, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026) (collecting cases). An ICE officer's arrest warrant proves invalid, in fact, if issued without an NTA. *M-J-M*-A, 2026 U.S. Dist. LEXIS 2500558, at *16. Any arrest pursuant to an officer's invalid warrant is necessarily a warrantless arrest, and an ineffectual I-200 warrant cannot justify arrest and detention under Section 1226(a). *Id.*; *Okeke*, 2026 WL 2056904, at *11.

A warrantless arrest implicates exactly the fundamental rights in question, including due process. *See Last Name Unknown v. Ball*, No. 26-cv-1249, 2026 WL

2096666, at *4 (W.D.N.Y. July 21, 2026). An NTA initiates immigration proceedings, and a warrant without an NTA exercises authority that does not yet exist. *Jose M. v. Blanche*, No. 26-cv-3927, 2026 WL 2690238, at *2 (D. Minn. Sept. 14, 2026) (citations omitted). A warrantless arrest proves unlawful, and entitles Petitioner to immediate release. *Last Name Unknown*, 2026 WL 2096666, at *4. "Due process is not an aspirational goal and requiring it for all is not subject to whim or convenience." *Id.*

Respondents make no attempt to justify their warrantless arrest under a warrant exception under § 1357. Respondents did not conduct any flight risk assessment to determine whether Respondent would be likely to flee before proceedings. *See* 8 U.S.C.A. § 1357(a)(1), (2). Respondents appear to rely solely on the authority of the invalid warrant.

"This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." *Parada Cruz*, 2026 WL 1027441, at *5. The Court determines that immediate release proves appropriate, available, and proper in this case to remedy the constitutional and statutory violations committed by the Government against Petitioner. The Court defers ruling on the matter of attorneys' fees and costs. Should Petitioner's counsel wish to pursue a claim for attorneys' fees

and costs under the Equal Access to Justice Act (EAJA), they are instructed to file a separate motion on the issue in accordance with Local Rules.

Accordingly, **IT IS SO ORDERED.**

- Hernandez Ramirez's Petition (Doc. 163) is **GRANTED as to himself individually.**
- The Court orders the Government to release Petitioner from custody within 24 hours of this Order, under appropriate conditions of release, and to facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
- **IT IS FURTHER ORDERED** that the Government must return Petitioner's personal property, including any personal identification and employment authorization documents, upon his release**.**
- **IT IS FURTHER ORDERED** that the Government is **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).
- **IT IS FURTHER ORDERED** that the Government may not re-detain Petitioner pursuant to 8 U.S.C. § 1226(a) during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing regulations.

At this hearing, the Government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

- If Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, the Government may detain Petitioner for the sole and limited purpose of executing removal pursuant to 8 U.S.C. § 1231(a)(2)(A). In such an event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.
- The Court orders the Government to certify compliance with this Order by filing on the docket.
- The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED** this 18th day of November 2026.

Brian Morris, Chief District Judge
United States District Court